

Scott M. Kessler

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 880 3874
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6411
Scott.Kessler@akerman.com

July 21, 2023

**VIA ECF**

Honorable Nina R. Morrison, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    ***Star Auto Sales of Bayside, Inc., et. al v. Rosenfield & Co., PLLC,***
***Case No. 1:23-cv-04912-NRM-RML***

Dear Judge Morrison:

This firm represents Defendant Rosenfield & Company, PLLC ("Rosenfield") in the above-referenced case.  Plaintiffs filed this lawsuit in New York despite a forum selection clause that required them to file in Florida, in an attempt to avoid Florida's statutes of limitations. Accordingly, and pursuant to Your Honor's Individual Practices Rules, we write to request a pre-motion conference on Rosenfield's anticipated motion, to be made pursuant to 28 USC § 1404(a) and Fed. R. Civ. P. 12(b)(6), which will seek transfer to the District Court for the Middle District of Florida; or in the alternative, dismissal of Counts I-IV and VI, as barred in whole or in part by New York's and Florida's respective statutes of limitations, or as insufficiently pled.

**Factual Background**

On or about April 20, 2017, Plaintiffs entered into an agreement with Rosenfield under which Rosenfield agreed to provide forensic accounting services to Plaintiffs, who were investigating their former employees' embezzlement of corporate funds (the "4/20/17 Contract"). Compl. ¶¶11-17, 19.[1]  The 4/20/17 Contract stated that the "engagement and any actions that may arise shall be governed by the laws of the State of Florida and be brought in the judicial districts in which the headquarters of [Rosenfield] is located." Ex. A.  Rosenfield's headquarters is located in Orlando, Florida, in the Middle District of Florida.  Compl. ¶2.  The 4/20/17 Contract provided that the agreement's terms "shall survive the completion or termination of this engagement."  Ex. A.  Plaintiffs allege that the 4/20/17 Contract was terminated on or about May 25, 2017, Compl. ¶28, and that it was replaced by an oral contract, contract-in-fact, or quasi-contract with the same terms as the 4/20/17 Contract, except Rosenfield agreed to charge Plaintiffs on an hourly basis, rather than at a flat monthly rate (the "5/25/17 Contract").  *Id.* ¶¶28, 65-77.  Plaintiffs also allege

---

[1] A true and correct copy of the 4/20/17 Contract is attached hereto as **Exhibit A**.

that the parties entered into a separate contract on or about March 8, 2019, whereby Rosenfield agreed to provide "investigation, prosecution, litigation support services, and expert testimony," relating to certain litigation matters (the "3/8/19 Contract"). *Id.* ¶¶47, 49. Plaintiffs purportedly terminated the 5/25/17 Contract and the 3/8/19 Contract on or about April 17, 2020. *Id.* ¶¶31, 59.

Plaintiffs filed the present action on May 25, 2023 in the Supreme Court of the State of New York, County of Queens, Commercial Division. ECF 2, ¶1. The Complaint alleges six counts, including for breach of the 4/20/17 Contract (Count I), for breach of the 5/25/17 Contract (Counts II-IV), for breach of the 3/8/19 Contract (Count V), and for fraud (Count VI). *Id.* ¶11. Rosenfield removed the action to this Court on June 30, 2023. *Id.* ¶12.

<u>**Argument**</u>

The 4/20/17 Contract and 5/25/17 Contract[2] are both governed by Florida law and require any action between the parties to be filed in Orlando, Florida. Ex. A. Accordingly, this action should be transferred to the District Court for the Middle District of Florida; and in the alternative, Counts I-IV and VI should be dismissed as time barred, or as insufficiently pled.[3]

**I.     Transfer Pursuant to 28 USC § 1404(a) Would be in the Interest of Justice**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the context of § 1404(a), the general rule is that forum selection clauses are enforced. *Rise Dev. Partners, LLC v. Signature Bank*, No. 2023 WL 3570663, at *1 (E.D.N.Y. May 18, 2023). Here, Plaintiffs do not dispute the validity of the 4/20/17 Contract, and it is not unjust to require Plaintiffs' compliance with its terms, which Plaintiffs filed suit to enforce.

**II.    Plaintiffs' Breach of Contract and Fraud Claims are Barred by NY CPLR § 214(6) and Fla. Stat. § 95.11(4)(b)**

Plaintiffs' claims for breach of the 4/20/17 Contract (Count I), breach of the 5/25/17 Contract (Counts II-IV), and fraud (Count VI), at core, concern Rosenfield's purported failure as a provider of forensic accounting services to meet the professional standards of the American Institute of Certified Public Accountants. Compl. ¶22. Despite Plaintiffs' improper labeling of these claims, each sounds in professional negligence and is subject to New York's three-year and Florida's two-year statute of limitations. NY CPLR 214(6); Fla. Stat. § 95.11(4)(b). Both statutes apply to professional negligence claims without regard to how the claims are pled, whether as contract claims or in tort. *Abecassis v. Eugene M. Cummings, P.C.*, 2010 WL 9452252, at *3 (S.D. Fla. June 3, 2010), *aff'd*, 467 F. App'x 809 (11th Cir. 2012) ("In applying the [professional]

---

[2] Plaintiffs do not allege that the terms of the 4/20/17 Contract and 5/25/17 Contract differed, except as to the payment terms.

[3] Should the Court retain jurisdiction, Plaintiffs' claims should still be restricted by Florida's statutes of limitations. New York's choice of law doctrine is "flexible," *see White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 284 (2d Cir. 2006); the contracts at-issue include Florida choice of law clauses; and "Florida courts consider the statute of limitations to be substantive rather than procedural," subject to contractual determination, *Perez v. Fedex Ground Package Sys., Inc.*, 587 F. App'x 603, 606 (11th Cir. 2014). Permitting Plaintiffs to file in the wrong forum and avoid Florida's statutes of limitations would be unjust.

malpractice statute of limitations, it is the substance, not the form, of the allegations that controls"); *BankUnited, N.A. v. Merritt Env't Consulting Corp.*, 360 F. Supp. 3d 172, 185-86 (S.D.N.Y. 2018) (same).

Here, Plaintiffs allege "Rosenfield breached its contracts by . . . Failing to uncover new schemes committed by [Plaintiffs'] former employees (which were later uncovered); . . . Failing to produce a competent report or make conclusions; . . . [and] Performing work not specifically requested to be done by [Plaintiffs]." Compl. ¶37; *see also id.* ¶¶63, 66, 71, 77. Even Plaintiffs' claim that Rosenfield "excessively and unreasonably bill[ed] [Plaintiffs] for its services," *id.* ¶35, can be interpreted only in relation to Plaintiffs' allegation that Rosenfield "fail[ed] to perform forensic accounting work it was obligated to perform," *id.,* "bill[ed] for work not requested by [Plaintiffs]," *id.*, and performed work "of such a poor quality that [Plaintiffs] cannot use or rely on" it, causing Plaintiffs "to retain other forensic accountants to perform the work that Rosenfield failed to perform, but for which Rosenfield was paid," *id.* ¶36. In this context, all such claims unquestionably sound in professional negligence.

Likewise, Plaintiffs' fraud claim relies on Rosenfield's purported misstatements (i) that "certain theft schemes occurred," which Plaintiffs allege "did not occur;" and (ii) that "[Rosenfield] would provide reports proving that [Plaintiffs'] employees committed various schemes," which, Plaintiffs' allege, Rosenfield "never provid[ed]." *Id.* ¶84.[4] Even assuming the statements were false, and as discussed below, the Court need not infer that such falsity resulted from more than mere error, making the claim one for professional negligence.

Plaintiffs became aware of their claims, or could have with the exercise of due diligence, by December 4, 2019, when Rosenfield provided Plaintiffs with its "most recent [forensic accounting] report," which Plaintiffs allege "contained numerous errors and issues," *id.* ¶38; on or about January 24, 2020, when Plaintiffs retained a "private investigator," hired by Plaintiffs' legal counsel, to assess Rosenfield's work, *id.* ¶39; and in no event later than April 17, 2020, when Plaintiffs terminated Rosenfield's services under the purported 5/25/17 Contract and the 3/8/19 Contract, *id.* ¶¶31, 59. Accordingly, Plaintiffs' Counts I-IV and VI accrued more than three years prior to filing of the present action and should be dismissed as time barred.

III.    **Plaintiffs' Claim for Breach of the 4/20/17 Contract is also Barred by NY CPLR § 213(2) and Fla. Stat. § 95.11(2)(b)**

Even if not construed as a claim for professional negligence, Plaintiffs' claim that Rosenfield breached the 4/20/2017 Contract (Count I) is barred by New York's six-year and Florida's five-year statute of limitations for claims asserting breach of a written contract. NY CPLR § 213(2); Fla. Stat. § 95.11(2)(b). Plaintiffs allege that the 4/20/17 Contract was terminated on or about May 25, 2017, Compl. ¶28, and that the conduct at-issue occurred prior to the date of termination. Accordingly, any breach of the 4/20/17 Contract occurred more than six years prior to Plaintiff's filing on May 25, 2023.

IV.    **Plaintiffs' Claims for Breach of the 5/25/17 Contract are also Barred by Fla. Stat. § 95.11(3)(j)**

---

[4] Plaintiffs do not allege that these purportedly "fraudulent" statements were made after December 4, 2019. *Id.* ¶85

Even if not construed as claims for professional negligence, Plaintiffs' claims that Rosenfield breached the 5/25/17 Contract (Counts II-IV) are nonetheless barred, as least substantially, by Florida's four-year statute of limitations for claims asserting breach of a verbal contract. Fla. Stat. § 95.11(3)(j).[5] Plaintiffs allege Rosenfield breached the agreement, in substantial part, by submitting poor quality work product, *id.* ¶¶66, 71, 77, yet Plaintiffs alleges Rosenfield only submitted three forensic accounting reports, on June 2, 2017, May 29, 2018, and December 4, 2019, *id.* ¶38. Accordingly, Plaintiffs' claims for breach of the 5/25/17 Contract are barred to the extent they are based on events that occurred prior to May 25, 2019.

## V.      Plaintiffs' Claim for Fraud is Insufficiently Pled and Barred by NY CPLR § 213(8)

Even if not construed as a claim for professional negligence, Plaintiffs' claim that Rosenfield committed fraud (Count VI) is nonetheless insufficiently pled and barred by New York's two-year (post-inquiry notice) statute of limitation. NY CPLR § 213(8). *First*, Plaintiffs' scienter allegation is entirely conclusory, fails to comply with Fed. R. Civ. P. 9(b), and neither alleges Rosenfield's intention to induce Plaintiffs' reliance on the at-issue statements, nor what Rosenfield gained from the alleged fraud. *XP Glob., Inc. v. AVM, L.P.*, 2016 WL 4987618, at *6-8 (S.D. Fla. Sept. 19, 2016). *Second*, Plaintiffs identify only two purportedly fraudulent statements with any degree of particularity. Compl. ¶84. The first, that certain thefts schemes occurred, which Plaintiffs later learned did not occur, *id.*, is duplicative with, and not independent of, Plaintiffs' breach of contract claims (to the extent these claims are construed as such), which relate to the quality of Rosenfield's forensic accounting services, *Scrap King LLC v. Stericycle, Inc.*, 2019 WL 11555235, at *7 (M.D. Fla. Mar. 15, 2019); while the second, that Rosenfield would provide certain documentation, which it did not ultimately provide, is likewise an unactionable statement of intent to perform, which Plaintiff fails to allege was false when made, *XP Glob.*, 2016 WL 4987618 at *8.

*Finally*, Plaintiffs' fraud claim is also barred by New York's two-year statute of limitations. NY CPLR § 213(8). Plaintiffs do not allege that Rosenfield made any misstatements prior to entering into the 4/20/17 Contract or the 5/25/17 Contract, or later than December 4, 2019. *Id.* ¶¶85-86. Moreover, Plaintiffs allege that they were represented by legal counsel and a private investigator (who questioned Rosenfield's work) not later than January 24, 2020. *Id.* ¶39. Plaintiffs subsequently terminated their relationship with Rosenfield on or about April 17, 2020. *Id.* ¶¶31, 59. Accordingly, Plaintiffs were on inquiry notice more than two years prior to their filing of the present action, and all fraud claims accruing prior to May 25, 2021 are time barred.

For the foregoing reasons, Rosenfield respectfully requests a pre-motion conference on its anticipated motion. We thank the Court in advance for its time and attention to this matter.

Respectfully submitted,

Scott M. Kessler

---

[5] Florida's four-year limitation period applies to "[a]ny action not specifically provided for in these statutes." Fla. Stat. § 95.11(3)(o).

cc:    Jamie Felsen, Esq. (via ECF)
        Samuel P. Vitello, Esq. (via ECF)

# Exhibit A



Orlando |Capital Plaza II | 301 East Pine Street | Suite 975 | Orlando, Florida 32801
Phone: 407-849-6400 | Fax: 407-849-6700

April 20, 2017

Mr. Mike Koufakis
Star Automotive Group
205-11 Northern Boulevard
Bayside, NY 11361

Via Email: mkoufakis@gmail.com

**Re: Forensic Accounting Services**

Dear Mr. Koufakis:

This letter is to confirm our understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide. By signing this engagement letter we have assumed that you are the person from whom we shall receive all inquiries and requests. If this is not a correct assumption, please furnish us with the name of the individual with whom this work should be coordinated.

We will perform the following services:

**FORENSIC ACCOUNTING SERVICES**

You have requested our professional forensic accounting services with respect to the employee theft that occurred at the Star Automotive Group dealerships. We will prepare schedules to be presented to the local law enforcement authorities to assist in determining the amount of theft loss. We will also perform a test for accuracy of the balance sheet accounts and to conduct an internal control study of both the accounting and computer systems. Our engagement to provide these services will be conducted in accordance with consulting standards established by the American Institute of Certified Public Accountants. We will not audit, compile, or review the financial statements, income tax returns, or other data, and we cannot and will not express an opinion or any form of assurance on them.

During the course of our engagement, it may be necessary for us to prepare written reports that support our conclusions. Any and all studies, reports, or other information gathered, collected, or prepared by us in connection with our engagement under this agreement shall be your property, shall be promptly communicated to you, and shall be delivered to you upon your request or upon completion of our services under this agreement. We shall undertake no work under this agreement unless specifically requested to do so by you.

If anyone subpoenas any information or materials related to this engagement which is in our custody or control, we will inform you. Should you request us to take any legal action to seek protection against disclosure of such information or materials, you will either retain legal counsel to represent us, or will indemnify us for all costs and expenses, including attorney's fees and expenses.

It is our policy to retain our working papers for a period of seven years from the date of last service. We will not retain original client records, which will be returned at the completion of this engagement at your expense.







Our customary practice in these types of engagements is to receive a retainer in the amount of $50,000 before commencing work. This retainer will be applied toward payment of our final invoice in connection with this engagement. Any amount remaining will be refunded.

Our fees for these services will be $35,000 per week. This fee will allow for no less than four highly qualified staff for a full working week and is at substantially discounted hourly rates. It is anticipated that the engagement could take as long as 2 months. Any travel costs will be waived.

We will bill you directly for our professional services and expenses on at least a monthly basis. All invoices are due and payable upon presentation. A 1½ percent per month service charge (which is an annual rate of 18%) will be added to all balances not paid within thirty (30) days of billing. We reserve the right to discontinue our work until balances are paid in full, or satisfactory arrangements have been approved. If it is necessary to incur any legal or other expenses in connection with the collection of our fees, you will be responsible for these expenses and fees.

If information becomes known that would make our continued involvement in this engagement inappropriate, we reserve the right to withdraw from this engagement. In addition, we will refuse to perform any requested act that we deem a violation of law, public policy, or our professional ethical standards, and may, as a result, withdraw from the engagement without penalty.

This engagement and any actions that may arise shall be governed by the laws of the State of Florida and be brought in the judicial districts in which the headquarters of Rosenfield and Company, PLLC is located.

Whenever possible, each provision of this agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision hereof shall be ineffective, or invalid, such ineffectiveness or invalidity shall be only to the extent of such prohibition or invalidity, without invalidating the remainder of the provision or the remaining provisions of this agreement, which shall otherwise remain in full force and effect. The agreements of you and Rosenfield and Company, PLLC contained in this engagement letter shall survive the completion or termination of this engagement.

Because of the importance of management's representations, you agree to release Rosenfield and Company, PLLC and its personnel from any liability and costs relating to our services under this letter attributable to any misrepresentation by management.

If the foregoing fairly sets forth your understanding, please sign the enclosed copy of the letter in the space indicated and return it to our office.

We want to express our appreciation for this opportunity to work with you.

Sincerely,

Rosenfield and Company, PLLC

ACKNOWLEDGED:

By: _____

Date: _____