**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STAR AUTO SALES OF BAYSIDE,
INC., STAR AUTO SALES OF
QUEENS, LLC, STAR HYUNDAI,
LLC, STAR NISSAN LLC, METRO
CHRYSLER PLYMOUTH, INC., STAR
AUTO SALES OF QUEENS COUNTY,
LLC and STAR AUTO SALES OF
QUEENS VILLAGE LLC,

        Plaintiffs,

v.                                                              Case No: 6:24-cv-1398-JSS-LHP

ROSENFIELD & COMPANY, PLLC,

        Defendant

**ORDER**

Before the undersigned are two related motions: Defendant's Motion to Temporarily Stay Discovery or in the Alternative Motion for Temporary Protective Order (Doc. No. 74) and Plaintiffs' Short Form Motion to Compel Discovery (Doc. No. 76).   Plaintiffs timely-filed a response in opposition to the motion to stay (Doc. No. 75), however Defendant's response to Plaintiffs' motion to compel, filed today, (Doc. No. 78) is both untimely and fails to comply with the 500-word limit set forth in the Court's Standing Order on Discovery Motions.   *See* Doc. No. 43 ¶ 2

(providing that a discovery motion and any responses thereto shall not exceed 500 words); *id.* ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).   Accordingly, Defendant's response will be stricken, and the undersigned treats the motion to compel as unopposed in all respects.   *See id.* ¶ 5 ("[A] failure to file a timely response will result in the Motion being deemed unopposed."). [1]   For the reasons discussed below, the motion to stay (Doc. No. 74) will be denied, and the motion to compel (Doc. No. 76) will be granted in part, denied in part, and denied without prejudice in part.

## I.      THE MOTION TO STAY (Doc. No. 74). [2]

Discovery opened in this case on or about September 11, 2024, and is scheduled to close on August 3, 2026.   Doc. Nos. 41, 66; *see also* Fed. R. Civ. P. 26(d).   Defendant seeks to stay all discovery in this case pending a ruling on its motion to dismiss Plaintiffs' second amended complaint.   Doc. No. 74.   According to

---

[1] Even if the undersigned were to consider Defendant's response, the rulings in this Order would not change, as Defendant's sole basis for opposing the motion to compel is the pendency of Defendant's motion to stay (Doc. No. 74), and Defendant's motion to dismiss (Doc. No. 62).   Doc. No. 78.

[2] Although Defendant references a protective order in the caption and in three sentences of its 12-page motion, (Doc. No. 74, at 1, 4, 10), Defendant's argument exclusively addresses the standards for a stay of discovery, and provides no legal authority to support a request for a protective order.   Accordingly, the undersigned treats Defendant's motion solely as a motion to stay discovery.   For these same reasons, the undersigned also does not consider Defendant's conclusory request for fees under Federal Rule of Civil Procedure 37.   *Id.* at 11.

Defendant, if the motion to dismiss is granted, this case will distill down to a single claim for $15,000.00 for breach of a single contract, and will greatly limit discovery. *Id.* at 4-6.   On the other hand, if discovery proceeds at this time, Defendant argues it will incur great time and expense in examining over 62,000 documents and responding to Plaintiffs' discovery requests.   *Id.*   Plaintiffs oppose, arguing that Defendant's arguments in favor of dismissal are not supported by any binding Eleventh Circuit authority, and that a stay of discovery at this point will cause Plaintiffs prejudice.   Doc. No. 75.

Courts have broad discretion to stay discovery as part of their inherent authority to control their dockets.   *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").   However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District.   *See* Middle District Discovery (2021) § (I)(E)(4).   Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."   *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).   "Stays are thus rarely appropriate unless they will foster disposing of the entire case."   *Lopez v. Nat'l Specialty Ins. Co.*,

- 3 -

No. 2:23-cv-708-JLB-KCD, 2023 WL 11657660, at *1 (M.D. Fla. Oct. 5, 2023) (citing *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). *See also* Doc. No. 66, at 1 ("The parties are advised that the pendency of a dispositive motion, such as a motion to dismiss or for summary judgment, does not stay the deadline for completion of discovery.").

The moving party bears the burden of showing good cause to stay discovery. *Lopez*, 2023 WL 11657660, at *1; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, Courts must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (quotations omitted).

Upon consideration, Defendant has not shown good cause for a stay of discovery. Defendant's concerns about the time and expense of conducting discovery, particularly when discovery has been open for over 1.5 years and it appears this is the first time Defendant has requested any sort of relief from discovery, are not sufficient to warrant a stay. *See Hamad v. Frontier Airlines, Inc.*,

- 4 -

No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024) ("[g]enerally referencing that discovery is time-consuming and expensive is insufficient."); *Lopez*, 2023 WL 11657660, at *1 ("If efficiency was the sole consideration, staying discovery would be the norm.  Yet it's not.  The Court declines to enter a stay based on the speculative hope that National might save a few bucks by avoiding discovery").

Defendant also has not demonstrated that a ruling on its motion to dismiss (Doc. No. 62) would be truly case dispositive.   The undersigned recently entered a Report recommending that United States District Judge Julie S. Sneed deny Defendant's motion to dismiss as to all but one claim.  Doc. No. 77.   In making this recommendation, the undersigned relied upon the standards for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and a finding that numerous issues of fact and law remain outstanding such that Defendant's statute of limitations defense would best be resolved upon a more developed factual record. *Id.*   And while the undersigned does not speak to the ultimate resolution of Defendant's motion, it is not a foregone conclusion that Defendant will prevail on its motion to dismiss such that a stay of discovery is warranted.  *See United States Ex Rel. Deligdish v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2025 WL 1580804, at *1 (M.D. Fla. June 4, 2025), *aff'd sub nom. Deligdish v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2025 WL 2217710 (M.D. Fla. Aug. 5, 2025)

(denying motion to stay where magistrate judge issued a report recommending dismissal of some, but not all, claims; "[t]hus, though the undersigned has found that the motions to dismiss have some clear merit . . ., the undersigned has implicitly found that the motions to dismiss are not 'truly case dispositive,' in that they do not dispose of this case as a whole or eliminate entirely the need for discovery. . . . As such, staying discovery . . . does not serve the interests of justice or judicial economy." (citations omitted)).

Moreover, as Defendant itself notes, its motion to dismiss does not seek dismissal of the entire case, rather even if the motion were granted in its entirety, one claim will remain that will require discovery (Doc. No. 74, at 4-6), and the facts related to that remaining claim are arguably intertwined with the other breach of contract claims, such that the undersigned is not convinced that discovery will be narrowed to the extent Defendant contends. *See United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims"); *Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-1317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) ("Having taken a 'preliminary peek' at the pending motions to dismiss and related filings, this case does not present the 'especially dubious' claim . . . where disposing of the case by motion to dismiss

- 6 -

would avoid 'needless and extensive discovery.' " (citations omitted)); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (rejecting stay where "genuine dispute" presented in parties' papers).

Finally, the undersigned agrees with Plaintiffs that if discovery is stayed at this point, Plaintiffs will suffer prejudice. Doc. No. 75. Discovery is scheduled to close on August 3, 2026, and even if Judge Sneed were to rule on the motion to dismiss the minute the objections and response period ends – a burden the undersigned has no intention of even suggesting to the Court – this would leave only two (2) months to conduct discovery in this case, and the undersigned does not find Defendant's speculation that Judge Sneed will grant yet another extension of all case management deadlines to be sufficient to ameliorate this prejudice. Doc. No. 74, at 10.

In sum, the undersigned finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely

eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the motion to stay discovery (Doc. No. 74) will be denied.

## II.    THE MOTION TO COMPEL (Doc. No. 76).

Plaintiffs argue in their motion to compel that they served Defendant with their First Requests for Documents on August 7, 2025, Defendant responded on October 22, 2025, but to date has failed to produce any responsive documents. Doc. No. 76, at 2. Plaintiffs further argue that Defendant has refused to appear for deposition unless and until its motion to dismiss is ruled upon. *Id.* at 3. Plaintiffs now request an order directing Defendant to produce all responsive documents within ten (10) days, directing Defendant to confer and select a date for Defendant's deposition, and awarding Plaintiffs their fees and costs. *Id.* Plaintiffs further embed in their motion a request to extend their expert disclosures deadline and discovery deadline. *Id.*

As noted above, Defendant filed an untimely response which did not comply with the Standing Order on Discovery motions. Doc. No. 78; *see also* Doc. No. 43 ¶¶ 2, 5. Accordingly, the undersigned will strike Defendant's response, and will deem the motion to compel to be unopposed in all respects. *See* Doc. No. 43 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel

as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the motion, and the related discovery attached, the Court finds the motion well taken as to the request to compel discovery and schedule deposition, particularly in light of Defendant's lack of a response. However, the undersigned does not find Plaintiffs' request for fees to be well-taken, in this one instance, given the procedural history of this case, and the fact that Plaintiffs admittedly received responses to their discovery in October 2025, yet inexplicably waited until April 20, 2026 to file their motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

The undersigned also does not find that Plaintiffs have established good cause for their embedded request to extend their June 1, 2026 expert disclosure

deadline and the August 3, 2026 discovery deadline. As previously noted, it does not appear that Plaintiffs made any attempts to engage in discovery until August 2025, did not file the present motion to compel until six (6) months after receiving Defendant's responses, do not explain this delay in their motion, and do not provide any legal authority supporting a finding of good cause to extend the deadlines. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (noting that extensions of case management deadlines are not typically granted absent a showing of good cause that the deadlines "cannot be met despite the diligence of the party seeking the extension." (citation and internal quotation marks omitted)).

## III. CONCLUSION.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Temporarily Stay Discovery or in the Alternative Motion for Temporary Protective Order (Doc. No. 74) is **DENIED**.

2. Plaintiffs' Short Form Motion to Compel Discovery (Doc. No. 76) is **GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART.**

3. Within **fourteen (14) days** from the date of this Order, Defendant shall produce to Plaintiffs all documents in its possession, custody, or control that are responsive to Plaintiffs' First Request for Production of Documents. If Defendant contends that any documents are protected by the attorney-client privilege or work

product protection, by this same deadline, Defendant shall produce to Plaintiffs a privilege log in accordance with the undersigned's Standing Order Regarding Privilege Logs, Case No. 6:19-mc-32-Orl-LRH (Doc. No. 1).   All other objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.   *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini,* 2016 WL 11448993, at *2 (same).

4.      Within **seven (7) days** from the date of this Order, the parties are **DIRECTED** to confer and agree upon a date for Defendant's deposition.   By this same deadline, the parties shall file a joint notice stating the date, time, and location of the deposition.   If the parties are unable to agree on Defendant's deposition by this deadline, Plaintiffs may utilize the procedures available to them under the Middle District of Florida Civil Discovery Handbook, the Local Rules, and the Federal Rules of Civil Procedure.   *See* Middle District Discovery (2021) § (II)(A)(1) ("An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice.   If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling."); *see also* Fed. R. Civ. P. 30(a)(1) ("A

party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).  The deponent's attendance may be compelled by subpoena under Rule 45."); *Emerald Isles Townhomes Owners Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 6:20-cv-970-PGB-LRH, 2021 WL 7450455, at *1 (M.D. Fla. Oct. 12, 2021) ("Plaintiff states that he attempted on numerous occasions to schedule the deposition of Defendant's corporate representative. However, if the parties cannot work together to schedule a deposition date, the appropriate avenue is to unilaterally notice the deposition."); *De Jesus v. Scottsdale Ins. Co.*, No. 6:19-cv-956-Orl-31GJK, Doc. No. 18 (M.D. Fla. Sept. 9, 2019) ("Plaintiffs are to follow the procedures available in the Court's handbook on civil discovery and local rules.  Only after Plaintiffs utilize such procedures will the Court consider a motion to compel the depositions.").

5.     Plaintiffs' request for sanctions is **DENIED**, and Plaintiffs' request to extend the expert disclosure and discovery deadlines is **DENIED WITHOUT PREJUDICE**.

6.     Defendant's untimely and overlength response (Doc. No. 78) is **STRICKEN** for failure to comply with the Standing Order on Discovery Motions (Doc. No. 43).

7.     **Failure to comply with this Order may result in sanctions.  *See* Fed. R. Civ. P. 37(b).**

- 12 -

**DONE** and **ORDERED** in Orlando, Florida on May 4, 2026

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record