**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STAR AUTO SALES OF BAYSIDE,
INC. (d/b/a STAR TOYOTA OF
BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU),
STAR HYUNDAI LLC (d/b/a STAR
HYUNDAI), STAR NISSAN, INC. (d/b/a
STAR NISSAN), METRO CHRYSLER
PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR
AUTO SALES OF QUEENS COUNTY
LLC (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE
LLC (d/b/a STAR MITSUBISHI),

      Plaintiffs,

v.                                                                  Case No.: 6:24-cv-1398-JSS-LHP

ROSENFIELD & COMPANY, PLLC,

      Defendant.

_____/

## <u>MOTION TO EXTEND DEFENDANT'S EXPERT DISCLOSURE</u>
## <u>DEADLINE</u>

Defendant, Rosenfield & Company, PLLC ("Defendant"), by and through

the undersigned counsel, and pursuant to Federal Rule of Civil Procedure

16(b)(4), and Middle District of Florida Local Rule 3.01, hereby files this

Motion to Extend Defendant's Expert Disclosure Deadline and states as

follows.

1

## Introduction

The Court's Amended Case Management and Scheduling Order [Doc. 66]("Scheduling Order"), sets Defendant's expert disclosure deadline as July 6, 2026.  Defendant is seeking a limited extension of 21 days, up to and including July 27, 2026 to disclose its expert and serve the report.

## Memorandum of Law

### I.    Legal Standard.

1.    Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

2.    The good cause standard primarily focuses on the diligence of the party seeking modification of the scheduling order. *See Sosa v. Airprint Systems, Inc.,* 133 F. 3d 1417, 1418 (11th Cir. 1998); *see also Fed.R.Civ.P. 16, advisory committee notes* (good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension.")

3.    Courts in this District have emphasized that diligence is the primary inquiry and that where diligence is lacking, the good cause inquiry ends. *See Lord v. Fairway Elec. Corp.,* 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

4.    In evaluating diligence, courts consider among other things: (1) whether the movant failed to obtain information earlier; (2) whether the

information was available; and (3) whether the movant delayed after obtaining the information.  *See Id.; see also Vazquez v. LCM Inv. Grp.,* Inc., No. 6:05-cv-59-Orl-28DAB, 2006 WL 4835922, at *3 (M.D. Fla. Aug. 24, 2006).

5.     Courts may also consider whether the requested modification would prejudice the opposing party.  *See Inge v. Rock Financial Corp.,* 281 F. 3d 613, 625 (6th Cir. 2013).

## II.   Good Cause Exists.

### A.     Defendant acted diligently under a compressed and evolving discovery timeline.

6.     Early in May 2026, the Court denied Defendant's Motion to Temporarily Stay Discovery, or Alternatively, for a Temporary Protective Order [Doc. 74] given in large part to the pending motion to dismiss which would have substantially reduced discovery if granted, and ordered Defendant to review and produce over 62,000 pages of documents within a short fourteen (14) day period.

7.     Defendant complied and timely completed/served its production on May 18, 2026.

8.     While completing that production, Defendant continued to address discovery issues, including filing a Motion for Reconsideration, which was denied on June 8, 2026.

9.     Plaintiffs served their expert report on or about June 2, 2026.

3

10. Immediately upon receipt of Plaintiffs' expert disclosure, Defendant began efforts to retain a qualified expert and/or rebuttal expert

## B. Defendant promptly and continuously attempted to retain a qualified expert.

11. On June 2, 2026, the same date Plaintiffs served their expert report, counsel for Defendant contacted a quantitative consulting expert used in prior matters; however, that expert was unavailable and committed through the end of June, 2026.

12. On June 10, 2026, counsel for Defendant also contacted a local business valuation expert, who [unbeknownst to undersigned counsel at the time] was unable to serve due to a conflict as a former employee of Defendant.

13. Defendant is a "full-service Certified Public Accounting firm offering comprehensive Tax, Attest, and Consulting services" that serves clients nationwide and globally. See www.Rosenfieldandco.com. Defendant continued to contact additional experts but encountered repeated external constraints, including:

> (a) conflicts arising from relationships with Defendant;
> (b) the fact that may qualified experts are competitors of Defendant [as a financial/CPA firm]; and
> (c) reluctance to participate in a matter involving a large automotive dealership group [Plaintiffs].

4

14. On June 16, 2026, Defendant expanded its search by contacting an industry consultant attending a forensic accounting conference to identify a qualified, non-conflicted expert outside of Defendant's network.

15. During this time Defendant continued its contact with this industry colleague via phone calls, who after a delayed response referred a competitor at Withum and Forvis, and Defendant was unable to entertain engagement of a competitor as its expert.

16. As of June 19, 2026, Defendant had made multiple inquires but remained unsuccessful in their efforts to secure a qualified expert free of conflicts or competitive limitations.

**C.   Defendant retained a qualified expert, but cannot meet the July 6, 2026, deadline.**

17. On or about June 23, 2026, Defendant identified a qualified expert with Anderson Economic Group, LLC, an out-of-state consulting firm.

18. The expert had no conflicts with the parties.

19. However, the expert has a preexisting, unavoidable vacation during the week of June 29, 2026.

20. As a result, that expert provided the name of an expert with J.S. Held, LLC, who verbally committed to the engagement with the Undersigned in this matter on June 29, 2026, and has confirmed he has no conflicts.

21.     Due to the timing of retention, the volume of materials, and the expert's limited availability, the expert cannot complete his report prior to the July 6, 2026, deadline.

22.     The expert has advised that he will require approximately 21-28 days following engagement to complete and serve his report.

**D.      <u>The need for an extension arises from external constraints, not lack of diligence.</u>**

23.     Defendant's inability to meet the current deadline is not the result of delay, inadvertence or lack of diligence.

24.     The need for a limited extension arises from:

(a) a compressed post-production and post-rebuttal timeline;
(b) the limited availability of qualified forensic accounting experts in the specialized automotive industry to testify on behalf of a financial/CPA firm in a lawsuit that attacks the work product of such financial/CPA firm;
(c) disqualifying conflicts and competitive constrains within a narrow expert pool; and
(d) the ordinary and unavoidable scheduling limitations of the retained expert.

25.     The record here demonstrates diligence at every stage:

- Defendant began its search immediately upon receiving Plaintiffs' expert report;
- Defendant made repeated, continuous efforts to locate an expert locally and nationwide;
- Defendant expanded its search beyond its usual network; and
- Defendant ultimately retained a qualified expert (out of state) as soon as one became available after numerous attempts with numerous experts.

26. Unlike cases where modification of a scheduling order is denied, Defendant did not delay in seeking an extension after the issue became apparent and did not possess earlier access to a testifying expert (having just identified/located and verbally confirmed yesterday, Monday, June 29, 2026 (from an email dated Saturday, June 27, 2026) that there were no conflicts and he would agree to be retained by Defendant.

27. This case is distinguishable from those in which courts deny relief for lack of diligence where the inability to comply was foreseeable or within the party's control.

28. Courts have recognized that good cause may exist where expert availability is affected by circumstances outside of the movant's control and unexpected events, including conflicts of interest or unavailability of the designated expert. *See, e.g., Leibel v. NCL (Bahamas) Ltd.,* 185 F. Supp. 3d 1354, 1356 (S.D. Fla. 2016).

29. In such cases, courts evaluate whether the circumstances necessitating modification of the scheduling order were unexpected and not preventable through diligence. *Id.*

30. Here the inability to secure a qualified, non-conflicted expert within a narrow and specialized field to evaluate the work product of a financial/CPA firm by another financial/CPA firm regarding automotive industry, combined with the compressed timeline following Plaintiffs' expert

7

disclosure constitutes precisely the type of external constraint contemplated by Rule 16.

## III. No Prejudice to Plaintiffs.

31. Defendant seeks only a short 21-day extension from the current July 6, 2026, deadline.

32. Defendant will make its expert available for deposition on an expedited basis, if requested to ensure compliance with the Court's Scheduling Order.

33. The requested extension will not/may not impact the remaining case deadlines, including the (a) August 3, 2026, discovery deadline or the (b) September 1, 2026, dispositive motion deadline. However, if Plaintiffs seek some additional time for discovery to conclude expert deposition or discovery following the Defendant's Expert Report following the 21 day deadline and keeping CMO dates the same, Defendant has no objection to the same.

## IV. The Requested Is Consistent with This Court's Application of Permissible Extensions.

34. Defendant recognizes that extensions of case management deadlines are disfavored.

35. However, unlike cases where extensions are denied for lack of due diligence or for reasons such as inadvertence or tactical delay, Defendant has acted diligently, yet has encountered constraints outside of its control.

8

Attached to this Motion as **Composite Exhibit "A"** is a Verified Declaration by Defendant and Affidavit by counsel for Defendant outlining Defendant's efforts to retain a testifying expert without waiving/reserving all applicable privilege rights.

36. Rule 16 expressly permits modification where, as here, the schedule cannot be reasonably met, despite reasonable due diligence.

37. Defendant has made continuous good-faith efforts to comply, but has been impeded by a conflict-constrained expert pool in a specialized field.

38. Under these circumstances, a limited extension is warranted to permit resolution of this case on the merits.

## V.    Conclusion.

The circumstances described above constitute good cause as contemplated by the Rule because despite Defendant's diligence, it cannot meet the deadline as anticipated. No party would be prejudiced by extending the Defendant's expert disclosure deadline or others in the Scheduling Order by the 21 day request for Defendant's Expert Report disclosure. Additionally, Defendant has not acted in bad faith in requesting the extension. Thus, there is good cause to extend the deadlines under Rule 16. As such, Defendant requests that the Court amend the Scheduling Order in line with the deadlines expressed above.

WHEREFORE, the parties respectfully request that this Court grant this Motion and enter an Amended Case Management and Scheduling Order and provide any other relief the Court deems necessary.

Dated: June 30, 2026.

**Lauren C. Heatwole, Esq.**
Florida Bar No.: 674583
**Rachel E. Scherwin, Esq.**
Florida Bar No. 479934
**Heatwole Law Firm, P.A.**
1500 E. Robinson Street
Orlando, Florida 32801
Telephone:  407-490-2467
Email: Lauren@HeatwoleLaw.com
Secondary Emails: Rachel@HeatwoleLaw.com
Service@HeatwoleLaw.com
*Attorneys for Defendant*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that counsel for the Defendant, Lauren C. Heatwole Esq., conferred with counsel for the Plaintiff, Jamie Felsen, Esq., on June 30, 2026 via email in a good faith effort to resolve the issues raised in this Motion, and Plaintiff is not in agreement to the 21 day extension.

**Lauren C. Heatwole, Esq.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

10

filed by CM/ECF on June 30, 2026, and that an electronic copy will be furnished to Plaintiff's Attorney, Shannon Puopolo, Esq., Henderson, Franklin, Starnes & Holt, P.A., 1715 Monroe Street, Fort Myers, FL 33901, shannon.puopolo@henlaw.com; and Jamie S. Felson, Esq., Milman Labuda Law Group, PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042, jaimefelsen@mllaborlaw.com.

**Lauren C. Heatwole, Esq.**
Florida Bar No.: 674583
**Rachel E. Scherwin, Esq.**
Florida Bar No. 479934
**Heatwole Law Firm, P.A.**
1500 E. Robinson Street
Orlando, Florida 32801
Telephone:  407-490-2467
Email: Lauren@HeatwoleLaw.com
Secondary Emails: Rachel@HeatwoleLaw.com
Service@HeatwoleLaw.com
*Attorneys for Defendant*

11

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STAR AUTO SALES OF BAYSIDE,
INC. (d/b/a STAR TOYOTA OF
BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU),
STAR HYUNDAI LLC (d/b/a STAR
HYUNDAI), STAR NISSAN, INC. (d/b/a
STAR NISSAN), METRO CHRYSLER
PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR
AUTO SALES OF QUEENS COUNTY
LLC (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE
LLC (d/b/a STAR MITSUBISHI),

     Plaintiffs,

v.                                                    Case No.: 6:24-cv-1398-JSS-LHP

ROSENFIELD & COMPANY, PLLC,

     Defendant.

_____/

**VERIFIED DECLARATION OF KENNETH R. ROSENFIELD AS**
**DESIGNATED CORPORATE REPRESENTATIVE OF ROSENFIELD AND**
**COMPANY, PLLC IN SUPPORT OF MOTION TO EXTEND DEFENDANT'S**
**EXPERT DISCLOSURE DEADLINE**

1.      I am the Founding Partner of Rosenfield and Company, PLLC

("R&Co"), Defendant in this action. I have personal knowledge of the facts stated

herein, or have reviewed the business records of R&Co for the purposes of

executing this affidavit, am familiar with the method of preparation of the

EXHIBIT
A

business records and accordance of same, am over the age of eighteen (18) years, and am authorized to make this affidavit.

2.    The business records reviewed by me in preparing this Affidavit are R&Co documents which were made at or near the time of the record by, or from information transmitted to, a person at R&Co with knowledge, are kept in the ordinary course of R&Co's regularly conducted business activity, and it is the regular practice of R&Co to make such documents.

3.    I have reviewed records, communications, and documents in R&Co's possession.

4.    These documents are true and correct copies of records maintained by me and/or received by me in the ordinary course of business and dealing with Plaintiffs.

5.    I have been actively involved in and also in assisting counsel for Defendant with identifying and retaining a qualified expert in this matter.

6.    I am familiar with the nature of Defendant's business and the forensic accounting and consulting services at issue in this case, as well as the relevant professional community from which potential experts would be drawn.

7.    Based on my experience, the pool of qualified experts in forensic accounting and business valuation field, particularly those with relevant expertise concerning automotive dealership operations, is relatively limited.

8.    In addition, many individuals within this field have professional relationships, prior engagements, or competitive positions that create conflicts or practical limitations on their ability to serve as an expert in this case.

9.    During the time period relevant to the expert disclosure deadline, I worked with counsel for Defendant to identify potential experts and spoken with numerous possible experts.

10.    I am aware that upon receipt of Plaintiffs' expert report in early June 2026, counsel for Defendant immediately began contacting potential experts, including individuals previously retained by counsel for Defendant in other business matters.

11.    I understand that several of these potential experts were unavailable, including one who was already committed through the end of June 2026.

12.    I am also aware that another potential expert was unable to serve due to a conflict arising from prior employment with Defendant.

13.    Based on my knowledge of the industry, the existence of such conflicts is common, particularly where firms or individuals have prior relationships with either party or operate in the same competitive space.

14.    I further understand that additional experts who were contacted were either competitors of Defendant or declined involvement due to the nature of the engagement, including the fact that it involves a large automotive dealership group.

3

15.     I also helped look for other ways to find an expert, including reaching out to industry contacts who might recommend someone outside our usual competitors.

16.     Even with these efforts by Defendant and its counsel, it has been difficult and time-consuming to find a qualified expert without conflicts of competitive issues

17.     In early June 2026, I reached out to an industry colleague via several phone calls, who after a delayed response referred a competitor at Withum and Forvis, and Defendant was unable to entertain engagement of a competitor as an expert.

18.     I am aware that on or about June 23, 2026, Defendant successfully identified a qualified expert with Anderson Economic Court, LLC, an out of state consulting firm; however, due to previously scheduled vacation time and the anticipated complexity of the nature of the case, the expert was unable to accept the request for engagement.

19.     Based on my understanding, that expert reached out to counsel for Defendant on Saturday June 27, 2026, to provide the name of an expert with J.S. Held, LLC.

20.     Per communications with counsel for Defendant (and without waiving privilege), it is my understanding that the expert with J.S. Held, LLC,

4

verbally committed to engagement in this matter to appear as an expert on June 29, 2026.

21.    Based on my understanding, this expert does not have any conflicts of interest with respect to the parties in this case.

22.    Given the timing of the expert's retention, the significant volume of materials in this case, it is not feasible for the expert to complete a report prior to the current July 6, 2026, deadline.

23.    I further understand that the retained expert has indicated he will require approximately 21-28 days following the engagement to complete and serve his report.

24.    Throughout this process, Defendant has worked diligently and in coordination with counsel to identify and retain a qualified expert as promptly as possible.

25.    The challenges in finding an expert were not due to any lack of effort or delay by Defendant, but rather the limited number of available experts without conflicts and the timing of events in this case.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING FACTS AND THAT THE FACTS STATED IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

ID a6KS17JeEwhsoo6fxj2iBRbF

Date: 6/30/2026

Kenneth R. Rosenfield
Founding Partner, Rosenfield and Company, PLLC

5

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STAR AUTO SALES OF BAYSIDE,
INC. (d/b/a STAR TOYOTA OF
BAYSIDE), STAR AUTO SALES OF
QUEENS, LLC (d/b/a STAR SUBARU),
STAR HYUNDAI LLC (d/b/a STAR
HYUNDAI), STAR NISSAN, INC. (d/b/a
STAR NISSAN), METRO CHRYSLER
PLYMOUTH INC. (d/b/a STAR
CHRYSLER JEEP DODGE), STAR
AUTO SALES OF QUEENS COUNTY
LLC (d/b/a STAR FIAT), and STAR
AUTO SALES OF QUEENS VILLAGE
LLC (d/b/a STAR MITSUBISHI),

     Plaintiffs,

v.                                                        Case No.: 6:24-cv-1398-JSS-LHP

ROSENFIELD & COMPANY, PLLC,

     Defendant.
_____/

## AFFIDAVIT OF LAUREN C. HEATWOLE, COUNSEL FOR ROSENFIELD AND COMPANY, PLLC IN SUPPORT OF MOTION TO EXTEND DEFENDANT'S EXPERT DISCLOSURE DEADLINE

STATE OF FLORIDA}
COUNTY OF ORANGE}

BEFORE ME, the undersigned authority, this day personally appeared

Lauren C. Heatwole, being duly sworn according to law, deposes and says as

follows:



EXHIBIT
A

1.    I am an attorney licensed to practice before this Court and am counsel of record for Defendant, Rosenfield and Company, PLLC ("R&Co"), in this action. I have personal knowledge of the facts stated herein, am over the age of eighteen (18) years, and am authorized to make this affidavit preserving all privilege as applicable under Florida law.

2.    Pursuant to the Court's Amended Case Management and Scheduling Order, the current deadline for Defendant's expert disclosure is July 6, 2026.

3.    In early May 2026, the Court denied Defendant's Motion to Temporarily Stay Discovery or Alternatively, for Temporary Protective Order, and directed Defendant to review and produce more than 62,000 pages of documents within fourteen (14) days of the date of the Order.

4.    Defendant completed its document review and produced the documents which were timely served on May 18, 2026.

5.    During this same time period, Defendant continue to address discovery-related issues, including filing a Moton for Reconsideration which was denied on June 8, 2026.

6.    Plaintiffs served their expert report on June 2, 2026.

7.    Upon receipt of Plaintiffs' expert report, counsel for Defendant began efforts to identify and retain a qualified expert to respond to Plaintiffs' expert opinions.

2

8. On June 2, 2026, the same date the Plaintiffs' expert report was served, I contacted a quantitative consulting expert who has previously served in that capacity in other business matters; however, that expert advised that he was unavailable and previously committed through the end of June 2026 and thus unable to take on this expert role.

9. On June 10, 2026, I contacted a local business valuation expert regarding potential retention who I have hired previously as a testifying expert who was possibly available for the report; however, [unbeknownst to undersigned at the time] that expert was conflicted out due to a conflict of interest arising from prior employment with Defendant.

10. In addition to personal attempts, Defendant reached out to consultants/possible experts directly given that they are knowledgeable in the industry. Following the undersigned direct inquires, I continued to work with Defendant to contact additional experts and identify potential experts.

11. Defendant is a "full-service Certified Public Accounting firm offering comprehensive Tax, Attest, and Consulting services" that serves clients nationwide and globally. See www.Rosenfieldandco.com.

12. In searching for experts, Defendant encountered repeated constraints, including:

      (a) Conflicts arising from prior relationships with Defendant or the parties;

3

    (b) The fact that certain otherwise qualified experts are competitors of Defendant [as a financial/CPA firm]; and

    (c) Reluctance among potential experts to participate in a matter involving a large automotive group [Plaintiff].

13.    On or about June 16, 2026, Defendant expanded the search efforts by contacting an industry colleague attending a forensic accounting conference to assist in identifying a qualified expert outside of Defendant's immediate professional network and not a competitor.

14.    Defendant has been actively involved in assisting me with identifying and retaining a qualified expert and/or rebuttal expert in this matter.

15.    Between June 16, 2026 and June 19, 2026, I was aware that Defendant made additional inquires to prospective experts; however, those efforts did not result in identifying a qualified, available, non-conflicted expert.

16.    On or about June 24, 2026, I spoke with the assistant for a qualified expert with Anderson Economic Group, LLC, an out of state consulting firm as a result of the connection requested by Defendant.

17.    Based on the communications, the expert did not have any express conflicts with respect to the parties in this case; however, the identified expert had a previously scheduled and unavoidable vacation during the week of June 29, 2026 and was unable to take on the expert role. Because of the vacation and anticipated complexity of the nature of the case, the expert was unable to accept the request for engagement.

4

18.     Subsequently, on Monday, June 29, 2026, I reviewed an email dated Saturday, June 27, 2026, from the consulting expert group providing the name of an expert with J.S. Held, LLC, located in Michigan.

19.     On Monday, June 29, 2026, I spoke with the identified expert from J.S. Held, LLC, who verbally committed to his engagement in this matter to appear as an expert for Defendant.

20.     Based on our conversation and emails following on June 29, 2026, the identified expert does not have any conflicts of interest with respect to the parties in this case and is able to be retained by Defendant.

21.     Defendant is in the process for formally retaining the expert.

22.     However, due to the timing of the expert's identification and anticipated retention, the volume of materials in this case, the expert is unable to complete his review and prepare a report prior to the current deadline in one week.

23.     The identified expert has advised that he will require approximately 21-28 days following engagement to complete and serve his expert report.

24.     At all times, Defendant, together with counsel, acted diligently and in good faith in attempting to identify and retain a qualified expert as promptly as possible.

25.     The challenges in meeting the current expert disclosure deadline were not due to any lack of effort, diligence, or delay by Defendant, but instead from (i)

the limited conflict-constrained pool of qualified experts in a unique and niche market involving automobile dealerships, (ii) the timing of Plaintiffs' expert disclosure, and (iii) the retained expert's unavoidable scheduling limitations.

SIGNATURE/NOTARY TO FOLLOW

6

FURTHER AFFIANT SAYETH NAUGHT.

_____
Lauren C. Heatwole

SWORN TO AND SUBSCRIBED before me via _X_ physical presence OR ___ online notarization by Lauren C. Heatwole who is personally known to me, OR who produced identification, to wit _Florida Drivers License_____ on this 30th day of June, 2026.

_____
NOTARY PUBLIC
My Commission Expires: _June 26, 2029_

Notary Public State of Florida
Gordon A. Shuey
My Commission HH 685245
Expires 6/26/2029

6